Matter of C.J. (J.C.) (2025 NY Slip Op 02032)

Matter of C.J. (J.C.)

2025 NY Slip Op 02032

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Moulton, J.P., González, Scarpulla, Higgitt, Michael, JJ. 

Docket No. NN-00079/22|Appeal No. 4065|Case No. 2024-02870|

[*1]In the Matter of C.J., A Child Under Eighteen Years of Age, etc., J.C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Steven P. Forbes, Huntington, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Geoffrey E. Curfman of counsel), for respondent.
Shirim Nothenberg, Lawyers for Children's Inc., New York (Shirim Nothenberg of counsel) and Loeb & Loeb (P. Gregory Schwed and Elana De Santis of counsel), attorneys for the child.

Order of fact-finding, Family Court, New York County (Keith E. Brown, J.), entered on or about April 1, 2024, which, after a hearing, found that respondent, a person legally responsible for the subject child, neglected the child, unanimously affirmed, without costs.
Family Court properly determined that respondent is a person legally responsible for the child because he acted as the "functional equivalent of a parent in a familial or household setting" (Matter of Yolanda D., 88 NY2d 790, 796 [1996]). The evidence shows that at all relevant times, he and the child's nonrespondent mother were involved in a romantic relationship. Respondent testified that he was present at the hospital when the child was born. In addition, they share the same last name and respondent referred to the child as his son when he initially spoke to the caseworker from the Administration for Children's Services. Respondent also testified that when he spent time with the mother, the child was present 80% of the time. On the night of the incident the child and his mother were staying overnight at respondent's apartment (see id. at 797; Matter of Adam C. [Charles R.], 167 AD3d 487, 488 [1st Dept 2018]).
The finding of neglect is supported by a preponderance of the evidence, including medical records from after the incident, that respondent engaged in acts of domestic violence against the child's mother while the child was in the home (see Family Court Act §§ 1012[f][i][B], 1046[b][i]; see also Matter of Amelia A. [Saul A.], 223 AD3d 401, 401-402 [1st Dept 2024]; Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429, 429 [1st Dept 2019]). Respondent further neglected the child by locking himself in his apartment with the child while repeatedly denying police officers' requests to enter, necessitating the assistance of emergency services to access the apartment and return the nine-month-old child to his mother (see Matter of Jared S. [Monet S.], 78 AD3d 536, 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]).
The court properly admitted the mother's statements to the responding police officer as an excited utterance (see Matter of Omar G., 212 AD3d 615, 616-617 [2d Dept 2023]). There is no basis to otherwise disturb the court's credibility determinations (see Matter of Tyjaa E. [Kareen McC.], 157 AD3d 420, 421 [1st Dept 2018]).
We have considered respondent's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025